AUG 1 2 2010

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. C-06-624 (1) |
| | § | |
| ANTONIO RUIZ. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO CORRECT CLERICAL ERROR

Pending before the Court is Antonio Ruiz's ("Ruiz") "Motion to Correct Clerical Error Pursuant to Rule 36." (D.E. 40.) In it, he asks that the Court correct what he deems a "clerical" error in his sentence that he contends arose from an "oversight or omission." Specifically, he believes the Court intended to run his federal and state sentences concurrently, and that the "BOP and the Probation Department have factually and legally misapprehended the Court's intention." (D.E. 40 at 3.) He requests that the Court modify its judgment to clarify that Ruiz's state and federal sentences should be served concurrently.

For the reasons set forth herein, Ruiz's motion (D.E. 40) is DENIED.

## I. BACKGROUND

Ruiz was originally sentenced on January 11, 2007 to 135 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 33; Minute Entry dated January 11, 2007.) Judgment was entered on January 22, 2007. (D.E. 33.) Ruiz did not appeal.

1

On June 4, 2008, Ruiz's counsel filed a motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582, in which he sought a reduction pursuant to Amendment 706 of the Sentencing Guidelines. (D.E. 35.)  The Court granted the motion on June 26, 2008, and reduced Ruiz's term of imprisonment from 135 months to 108 months. (D.E. 39.)  Both his initial judgment and the order amending that judgment and imposing a 108 month sentence were silent as to whether or not his sentence in this case was to run consecutive to any other sentence.  Ruiz's "motion to correct" (D.E. 40) followed.

## II. ANALYSIS

As an initial matter, to the extent Ruiz is seeking credit from the Bureau of Prisons, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Ruiz has not styled his letter motion as a § 2241 petition, and the Court declines to construe it as such because this Court is not the proper court to consider such a petition. Instead, if he wishes to challenge the BOP's denial of credit to his sentence, he should file it in the district where he is incarcerated.  See Pack, 218 F.3d at 451.  The return address on

Ruiz's letter reflects that he is incarcerated in Beaumont, Texas, which is located in the Eastern District of Texas. Thus, assuming he remains incarcerated in Beaumont, Ruiz should file any § 2241 petition in that court, after first exhausting his administrative remedies.[1]

Accordingly, to the extent it was intended to be a § 2241 petition, Defendant's motion is DENIED WITHOUT PREJUDICE to his ability to file a § 2241 petition in the appropriate district court. Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001) (a district court should not transfer a petition it does not have jurisdiction over, but instead dismiss the motion without prejudice).

Additionally, to the extent that he is requesting a "correction" to his sentence, none is necessary. As noted, neither the judgment nor the order granting his motion for reduced sentence makes any reference to running Ruiz's sentence consecutive with any state sentence. (See D.E. 33, D.E. 39.) Although Ruiz seems to suggest that the Court's "silence" at sentencing indicates that it intended to order his federal sentence to run concurrently with his state sentence, the law holds the opposite to be true. Indeed, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003); 18 U.S.C. § 3584(a).

---

[1] The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). Ruiz's motion indicates that he has sought relief from the BOP, but it is not clear whether he has fully exhausted his administrative remedies. He would need to so allege in any § 2241 petition he files.

This Court's silence at sentencing and in Ruiz's judgment implicates the rule stated in Free, supra, and compels the conclusion that his sentences were to run consecutively. Moreover, to the extent Ruiz is challenging this Court's decision not to order a concurrent sentence, his challenge is without merit. The Fifth Circuit has succinctly held that whether a sentence should run consecutively or concurrently is committed to the sound discretion of the district court and will be reviewed only for an abuse of discretion. United States v. Brown, 920 F.2d 1212, 1216 (5th Cir. 1991). This Court knew of its authority to impose a concurrent sentence, and, based on the presentence report, knew that Ruiz was before the Court on a writ from the State of Texas (PSR cover page and ¶ 3), that he was on probation when he committed the instant offense (PSR at ¶ 27), and that he had other state charges pending against him. (PSR at ¶ 32.) The Court's silence on the issue indicates that the sentences were to run consecutively. Accordingly, there is no need to correct or clarify Ruiz's judgment.

### III. CONCLUSION

For the foregoing reasons, Ruiz's motion to correct (D.E.40) is DENIED.

It is so ORDERED this _20_ day of August, 2010.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

4